# IN THE COURT OF APPEALS OF IOWA

No. 19-2056
Filed April 1, 2020

IN THE INTEREST OF C.M., Z.F., G.F., and S.T.,
Minor Children,

M.F., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Winneshiek County, Linnea M.N. Nicol, District Associate Judge.

The mother appeals the termination of her parental rights to the four children. **AFFIRMED**.

Andrew P. Nelson of Meyer, Lorentzen & Nelson, Decorah, for appellant mother.

Thomas J. Miller, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Thais A. Folta of Miller, Pearson, Gloe, Burns & Parrish PLC, Decorah, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

A mother in prison for physically abusing one of her four children appeals an order terminating her parental rights to those four children.[1] We affirm.

The mother's three oldest children[2] were removed from the mother's care in May 2018 after the children were taken to the emergency room of a hospital due to severe physical abuse of Z.F., who was three years old at the time.[3] Z.F. had significant bruising all over her body. This discovery prompted the filing of child-in-need-of-assistance (CINA) proceedings for each child.

While the CINA cases were pending, the mother was charged with child endangerment as an aggravated misdemeanor based on her physical abuse of Z.F. The mother pled guilty to that charge and was sentenced in October 2018. She was sentenced to pay various financial obligations and to serve a two-year prison sentence. The prison sentence was suspended and the mother was placed on probation. One of the terms of probation required her to reside in a residential correctional facility (RCF).

The three oldest children were adjudicated to be children in need of assistance. After the fourth child, S.T., was born in January 2019, S.T. was

---

[1] The mother was unable or unwilling to identify the father(s) of C.M., G.F., and S.T. The father of Z.F. was identified but could not be located. None of the fathers have ever been involved in the lives of any of the children. Notice was given to all putative fathers, known and unknown, by publication. The parental rights of all known and unknown fathers were terminated. None of the fathers appeared before the juvenile court, and none of the fathers appealed.

[2] The three oldest children were five, three, and two years old at the time of removal.

[3] The fourth child, S.T., was born in January 2019.

adjudicated to be a child in need of assistance as well. S.T. was removed from the mother's care within days of S.T.'s birth.

Throughout the course of the CINA proceedings, the mother was provided with numerous services. While the mother gave what appeared to be her best effort, she was not successful in adequately addressing her issues. She failed to successfully complete mental-health counseling and parent-child interaction therapy. Even before she was placed in the RCF for physically abusing Z.F., she never progressed past supervised visits with the child. Even the supervised visits seemed to overwhelm the mother, as she demanded a second person to help with supervised visits and requested less visitation time.

Due to the mother's lack of progress, termination-of-parental-rights (TPR) proceedings were initiated. The mother was still living in the RCF when the TPR proceedings were initiated. Approximately a month after the TPR petitions were filed, the mother violated her probation on two separate dates. On the first of such dates, the mother violated terms of probation by possessing an unauthorized cell phone in the RCF, refusing to allow RCF staff to access the phone, intentionally erasing the phone's contents to prevent staff from accessing it, yelling profanity at RCF staff, engaging in threatening and intimidating behavior toward RCF staff, throwing a pen at RCF staff, and refusing to return to her room at the RCF when directed to do so multiple times. Six days later, the mother committed additional probation violations by driving a vehicle without authorization, driving a vehicle without insurance, disobeying a direct order of RCF staff not to drive the vehicle, leaving the RCF without permission, and refusing to allow RCF staff to search the vehicle she was driving. As a result of these violations, the mother's probation was

revoked and the original sentence was imposed, resulting in the mother being sent to prison for an indeterminate term not to exceed two years. The mother was in prison at the time of the TPR hearing and participated in the entire hearing by telephone.

The juvenile court terminated the mother's rights to all four children. At the time of the TPR hearing in September 2019, the three oldest children had been removed from the mother's care for nearly sixteen consecutive months with no trial visits at home and S.T. had been removed from the mother's care for approximately seven consecutive months with no trial visits at home. As a result, the mother's parental rights were terminated pursuant to Iowa Code section 232.116(1)(f)[4] (2019) with regard to C.M., Z.F., and G.F., and Iowa Code section 232.116(1)(h)[5] with regard to S.T. The mother's parental rights with regard to Z.F. were also terminated pursuant to Iowa Code section 232.116(1)(i).

---

[4] Under Iowa Code section 232.116(1)(f), the juvenile court may terminate parental rights if it finds all of the following:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[5] Under Iowa Code section 232.116(1)(h), the juvenile court may terminate parental rights if it finds all of the following:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months,

We review termination-of-parental-rights proceedings de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). While we give weight to the juvenile court's factual findings, we are not bound by them. *Id.* The primary concern is the children's best interests. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother raises four issues on appeal, which we summarize as follows: (1) the evidence did not support a finding the children could not be returned to the mother; (2) the juvenile court had no authority to terminate the mother's rights with regard to S.T. without first entering a permanency order directing the filing of TPR proceedings; (3) the mother should have been granted an additional six months to work toward reunification pursuant to Iowa Code section 232.104(2)(b); and (4) the mother's due process rights were violated because she filed a notice of appeal without her attorney's signature.

Regarding the first issue, clear and convincing evidence supported the juvenile court's finding the children could not be returned to the mother's care, thus meeting the final element for termination of parental rights with regard to all four children under Iowa Code section 232.116(1)(f) and (h).[6] The most glaring support for this finding is the fact the mother was in prison at the time of the termination

---

or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

[6] Because we find clear and convincing evidence to support termination of parental rights as to Z.F. under section 232.116(1)(f), we do not consider section 232.116(1)(i). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

hearing, so the children could not be returned to her care. Even in the absence of incarceration, the children could not be safely returned to the mother. As correctly noted by the juvenile court, even when the mother was not in custody, "she never progressed past supervised visits with the children," she "was still being prompted to meet the children's most basic needs at visits" even after intensive weekly therapy, and she "requested that the amount of time she visited with the children be reduced because visitation with the children was too stressful for her." The mother had simply not resolved her mental-health and parenting-deficiency issues that resulted in the criminal abuse of Z.F. Her lack of progress endangered all four children. *See In re L.H.*, 904 N.W.2d 145, 152 (Iowa 2017) (stating "the 'common sense notion' that the parent's abuse of one child places the parent's other children in danger of abuse").

As to the second issue, the mother cites no authority and makes no argument other than the bare assertion that the juvenile court was required to enter a permanency order pursuant to Iowa Code section 232.104 before TPR proceedings could be held. Such failure to cite authority may be considered a waiver of the issue. Iowa R. App. P. 6.903(2)(g)(3). Even if the issue has not been waived, the mother's argument lacks merit. Iowa Code section 232.111, concerning a petition for TPR, "does not place any time frame on when a petition may be filed." *In re D.D.R.C.*, No. 00-1912, 2001 WL 913787, at *2 (Iowa Ct. App. Aug. 15, 2001). "In addition, section 232.104(2) gives the court several options after a permanency hearing, including ordering a termination petition, but does not require a permanency hearing before a termination petition may be filed." *Id.* (citing *In re R.C.*, 523 N.W.2d 757, 760 (Iowa Ct. App. 1994)). There are

safeguards against hasty filings of termination petitions built into the statutory framework, including reasonable efforts requirements and the time requirements contained in Iowa Code section 232.116(1)(f) and (h). However, those safeguards do not include a requirement for a permanency order entered pursuant to Iowa Code section 232.104(2)(c) before a termination petition can be filed.

With regard to the third issue, the mother was not entitled to additional time to work toward reunification. For a six-month extension to be granted pursuant to Iowa Code section 232.104(2)(b), the juvenile court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." There was no guarantee the mother would have been out of prison at the end of an additional six-month period. Even if she was released from prison a month after the termination hearing, as the mother hoped, there would still have been a period of adjustment for the mother to stabilize. During her past period in the community, even before the disruption of incarceration, the mother had not even progressed beyond supervised visits. There was no credible reason to believe the mother would be released from prison, put her life in order, and progress to the point of having the children returned to her care in another six months. The juvenile court did not err by failing to grant the mother an additional six months to work toward reunification.

Regarding the final issue, the mother asserts that her due process rights under the Federal and Iowa Constitutions were violated because the mother's notice of appeal was treated as such without the signature of her attorney. The

mother cites no relevant authority and makes no cogent argument in support of this issue. As the State correctly notes, it is not the State's responsibility to formulate the mother's argument in order to respond to it. It is also not our responsibility. *See Venckus v. City of Iowa City*, 930 N.W.2d 792, 806 (Iowa 2019) ("Judges are not like pigs, hunting for [meritorious] truffles buried in [the record]." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))). Consequently, the issue is deemed waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

Finding no merit to the claims of error, we affirm the juvenile court.

**AFFIRMED**.